# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ACCESS FOR THE DISABLED, INC.,
a Florida not-for-profit corporation;
ROBERT COHEN, an Individual; and
PATRICIA L. KENNEDY, an Individual;

      Plaintiffs,

vs.

RADHE, INC. *d/b/a* TRAVEL BUDGET MOTEL *A/K/A* BUDGET INN,
a Florida Corporation,
And BRET L. LUSKIN, an Individual,
And MAGAN T. RANCHOD, an Individual

      Defendants.

_____/

## COMPLAINT

Plaintiffs, ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation,

ROBERT COHEN, an Individual, and PATRICIA L. KENNEDY, an Individual,

(hereinafter collectively the "Plaintiffs"), through their undersigned counsel, hereby file

this complaint and sue RADHE, INC. *d/b/a* TRAVEL BUDGET MOTEL *A/K/A*

BUDGET INN, a Florida Corporation, and BRET L. LUSKIN, an Individual; and

MAGAN T. RANCHOD, an Individual, (hereinafter, collectively referred to as the

"Defendants"), for declaratory and injunctive relief, attorney's fees, litigation expenses

and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C.

§ 12181, <u>et. Seq</u>. (Americans with Disability Act or ADA) and allege:

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

## JURISDICTION AND VENUE

**1.**    The Court is vested with original jurisdiction over this action pursuant to 28

U.S.C. §1331 and §1343 for Plaintiffs' claims arising under 42 U.S.C. § 12181, et. Seq.,

based on the Defendant's violations of Title III of the Americans with Disability Act (see

also, 28 U.S.C. §2201 and §2202).

**2.**    Venue is proper in this Southern Division Court pursuant to 28 U.S.C. §1391(B)

and Rule 3.1 of the Local Rules of the United States District for the Southern District of

Florida in that the events giving rise to this lawsuit occurred in Broward County, Florida.


## PARTIES

**3.**   Plaintiff, ACCESS FOR THE DISABLED, INC. is a Florida not-for-profit

Corporation. The members of this organization include individuals with disabilities as

defined by the ADA. The disabilities of the members include, but are not limited to,

quadriplegia, paraplegia, blindness, and other crippling neurological and muscular

disorders. The purpose of this organization is to represent its members interest by

assuring that places of public accommodation are accessible to and usable by people with

disabilities as prescribed by the ADA and that no person is discriminated against because

of their disability.  ACCESS FOR THE DISABLED, INC. has also been discriminated

against because of its association with its members and their claims. Members of the

Plaintiff Association have either attempted to and/or would like to use the public

accommodations operated by Defendant, but are unable to do so as a result of barriers

that exist there. Complaints have been made to the Board of Directors of the Plaintiff

Organization about access problems at the Defendants' Facility. ACCESS FOR THE

2
**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

DISABLED, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA, which could be redressed by this Court's granting of the relief requested.

4.    Plaintiffs, ROBERT COHEN and PATRICIA L. KENNEDY, are both members of the Plaintiff Organization, ACCESS FOR THE DISABLED, INC., and are both residents of Broward County, Florida. ROBERT COHEN and PATRICIA L. KENNEDY are both individuals with disabilities as defined by and pursuant to the ADA. At the time of the Plaintiffs visit to TRAVEL BUDGET MOTEL *A/K/A* BUDGET INN, and prior to instituting this action, both Plaintiffs suffered from a "qualified disability" under the Americans with Disability Act and are both dependent on a wheelchair for mobility. Plaintiffs, ROBERT COHEN and PATRICIA L. KENNEDY, have both visited the property which forms the basis of this lawsuit, and both plan on returning to the property to avail themselves to the goods and services offered to the public in the very near future. Plaintiffs, ROBERT COHEN and PATRICIA L. KENNEDY, both desire to be able to fully enjoy Defendants' public accommodations, but are unable to do so due to the Subject Facility's Denial of Participation based on their disability and the architectural barriers that they have personally encountered and exist at the property. Plaintiffs seek relief from this Court to require Defendants to remove the discrimination and the barriers, some of which are identified below, so that Plaintiffs will be able to fully enjoy the public accommodations operated by the Defendants.

5.    The Plaintiffs made more than one attempt to rent a hotel room, however, when

Plaintiffs visited the facility to rent the room while in a wheelchair, the employee explained to them that they cannot rent a room and they should go to other hotels down the street to rent accessible rooms. After numerous attempts, the Plaintiffs were finally able to rent a room by hiding the fact that they were in wheelchairs and when they were finally able to rent the room, they then encountered numerous barriers both in the motel room and in the motels common areas. The barriers to access at the property described below have effectively denied or diminished the Plaintiffs ability to visit the property and have endangered their safety. Barriers to access involving the motel room, parking, and path of travel at this property have posed a risk of injury to the Plaintiffs. Every other barrier to access as described in this Complaint causes similar risk of injury, embarrassment, or discomfort to the Plaintiffs. The Plaintiffs intend to gain access into and use the facilities owned and run by Defendants in the future, as members of the able-bodied community are presently able to do, but have and will continually be denied such access as a result of the Defendants' failure to comply with the ADA.

**6.**    The Defendant, RADHE, INC. *d/b/a* TRAVEL BUDGET MOTEL *A/K/A* BUDGET INN, a Florida Corporation, and BRET L. LUSKIN, an Individual, and MAGAN T. RANCHOD, an Individual, are authorized to conduct and are conducting business within the State of Florida. The Defendant RADHE, INC. is the owner and/or operator of the real property known as TRAVEL BUDGET MOTEL *A/K/A* BUDGET INN (hereinafter the "Subject Facility"), and the owner and/or operator of the improvements at the Subject Facility which is the subject of this suit. The Subject Facility, TRAVEL BUDGET MOTEL *A/K/A* BUDGET INN, is located at 2000 North Federal Highway Hollywood, Florida 33020. The Subject Facility is a motel/hotel which

4

share common public space, walkways, and/or parking. Upon information and belief, BRET L. LUSKIN, an Individual, and MAGAN T. RANCHOD, an Individual, are the owners of the real property and the owner of the improvements at the Subject Facility which is the subject of this suit. The Defendants operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. The Defendants are responsible for complying with the obligations of the ADA.

## AMERICANS WITH DISABILITY ACT

**7.**     On July 26, 1990, Congress enacted the Americans with Disability Act ("ADA") 42 U.S.C. § 12181, et. Seq.  in order to ensure equal opportunity for persons with disabilities in employment, State and local government services, public accommodations, commercial facilities, and transportation.

**8.**     The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less.  42 U.S.C. §12181, et. Seq; 20 C.F.R §36.508(a).

**9.**     Congress found, among other things, that:

    i.        some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    ii.       historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    iii.      discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation,

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

iv.     individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

v.     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

**10.**    Congress explicitly stated that the purpose of the ADA was to:

i.     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

ii.     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

iii.     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

**11.**    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated federal regulations to

implement the requirements of the ADA. 28 CFR Part 36. Under the Americans with

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") the Department may

obtain civil penalties of up to $55,000 for the first violation and $110,000 for any

subsequent violation.

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

## VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT

12.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §366.104, TRAVEL BUDGET MOTEL *A/K/A* BUDGET INN, owned and operated by Defendants, is a place of public accommodation in that it contains a motel which provides rooms for rent and/or services and/or goods to the public. Therefore, since the facilities that are the subject of this action are public accommodations as delineated and covered by the ADA, they must be in compliance with ADA. The Defendants are in violation of Title III ADA regulation 36.201 in that the Defendants discriminated against the Plaintiffs on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation. According to Section 36.201 (b) all Defendants in this action are equally responsible to be in compliance with the ADA. The Defendants are also in violation of Section 36.202 by denying the Plaintiffs the right of participation. The Plaintiffs attempted numerous times to rent a room at the facility but were told that since they are disabled they should visit other facilities in the area that were ADA accessible and they could not rent a room from the Subject Facility.   Thus, the Defendants denied the Plaintiffs the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the public accommodation.

13.      The Plaintiffs called to make reservations and visited the Subject Facility on more than one occasion in attempts to rent a room. The only day that they were successfully able to rent a room (by concealing their disabilities) was August 24, 2011 on or about the afternoon hours. The Plaintiffs, ROBERT COHEN and PATRICIA L. KENNEDY,

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

visited BUDGET INN and availed themselves to the facility. Plaintiffs have full intention of returning in the near future.

14.     The Defendants have discriminated, and continue to discriminate, against the Plaintiffs, and others who are similarly situated, by denying them full access and equal enjoyment of the building, goods, accommodations, and services due to the Defendants failure to provide for Plaintiff's equivalent participation in Defendants facilities, as prohibited by 42 U.S.C. §12182(b)(2)(A)(iv) and 42 U.S.C. §12101 & §1282 et. Seq.. The Defendant further is in violation by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily accessible.

15.     The Plaintiffs desire to use the Defendants facility in the near future but are precluded from doing so as a result of Defendants ADA violations set forth herein.

16.     Defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et. seq., and are discriminating against the Plaintiffs by failing to, inter alia, the following specific violations:

      i.    Denial of participation: The Subject Facility denied the Plaintiffs the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation and/or  refused service and/or refused to rent the Plaintiffs a room on the basis of their disability or disabilities;

***PARKING***

      ii.    Failure to provide the minimum number of handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36 Section 4.6.3, and are located on the shortest route of travel to the Subject Facility's main

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

entrance as required by 28 C.F.R. Part 36 Section 4.6.2; as well as a compliant walkway from said handicap spaces to the Subject Facility's main entrance;

iii.     Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 144 inch wide minimum, with the designation of "van accessible", as required by 28 C.F.R. Part 36 Section 4.6.4 and Section 4.1.2(5)(b);

iv.     Modify the designated accessible parking spaces to connect directly to an accessible route consistent with Standards §§ 4.3.2; 4.6.3;

v.     Modify the access aisles of the designated accessible parking spaces so they are demarcated consistent with Standard § 4.6.3;

vi.     Modify the designated accessible spaces so that one in every eight accessible parking spaces conforms to the space requirement and is designated as "van accessible" consistent with Standard § 4.1.2 (5)(b);

vii.     Ensure that designated accessible and "van accessible" spaces have appropriate signage, and that the signs cannot be obscured by parked vehicles consistent with Standard § 4.6.4;

viii.     Provide an accessible path of access, with a compliant ramp(s), from the "accessible" parking space(s) to the Subject facilities

ix.     Provide an accessible path of access, without excessive slopes and cross-slopes, and which do not traverse vehicular traffic, from the Subject Facility;

x.     Provide properly sized and configured accessible parking spaces, without excessive slopes and/or cross-slopes, with complaint access aisles and/or with compliant signage;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

xi.     Provide an accessible path of access, without curbs, excessive changes in level and/or excessive slopes to the Subject Facility;

## *WALKWAYS*

xii.    Remove any obstructions from the walkways throughout the Subject Facility, which is in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

xiii.   Modify walkways to include handicap accessible ramps at the Subject Facility that are compliant with the ADA;

xiv.    Provide aisles that are wide enough and in compliance with *ADAAG* Secs 4.2 and 4.3;

xv.     Provide a safe, accessible walkway at the subject facility  in violation of the ADA;

xvi.    Provide an entrance ramp leading to the premises that has an ADA compliant slope and a ramp that has the requisite ½" beveling in violation of *ADAAG* 4.3.;

xvii.   Provide an accessible path of access, without excessive slopes and cross-slopes at the Subject Facility;

## *MOTEL INTERIOR*

xviii.  Provide the correct number of fully accessible hotel rooms that comply with the requirements of  28 C.F.R Part 36, Section 9.1.2;

xix.    Modify interior and exterior doors to have accessible door hardware, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

xx.     Provide adequate compliant signage addressing people with disabilities to notify them that accessible services are provided by Subject Facility as required by 28 C.F.R. Part 36 Section 4.30.4;

xxi.    Provide a guest registration counter that meets ADA standards; including but not limited to, the counter located in the subject facility is higher than 36 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

xxii.   Provide a  concierge desk that meets ADA standards; including but not limited to, the counter located in the subject facility is higher than 36 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

xxiii.  Provide the required informational signage at the emergency exit located at Subject Facility;

xxiv.   Provide a safe, accessible emergency exit at the subject facility in violation of 28 C.F.R Part 36;

xxv.    Provide the correct number of fully accessible hotel rooms that comply with the requirements of  28 C.F.R Part 36, Section 9.1.2;

xxvi.   Modify motel rooms to be accessible, including failing to:

    a.  Modify entrance to hotel room to include handicap accessible ramps at the Subject Facility that are compliant with the ADA;

    b.  Provide the required informational signage indicating accessible room;

    c.  Provide an accessible doorway to enter the motel room, as the current entrance is not ADA complaint;

    d.  Provide accessible controls at accessible height;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

e.   Provide accessible light switches at accessible height;

f.   Modify doors to have accessible door hardware, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

g.   Provide an accessible table in the hotel room in violation of 4.32;

h.   Provide an accessible closet with hanging system and shelves at the correct ADA complaint height as prescribed by the ADA;

i.   Provide an air conditioning unit that is at an accessible height with accessible controls;

xxvii.   Modify restrooms to be accessible, including failing to:

i.   Modify thresholds at entrance of the restroom as prescribed by the ADA;

ii.   Remove any obstructions from the walkway to the restroom in accordance with 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

iii.   Provide the required informational signage on the restroom entrance as required by 28 C.F.R Part 36, Section 4.3;

iv.   Modify restroom doors to have accessible door, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

v.   Provide accessible door hardware in the restroom entrance/exit that can be opened with a closed fist in violation of 28 C.F.R Part 36, Section 4.23.9;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

vi.  Provide the maneuvering clearance at the entry way of the restroom as prescribed by the ADA;

vii.  Provide the maneuvering clearance at the route to the restroom as prescribed by the ADA;

viii.  Failure to provide the maneuvering clearance within the restroom as prescribed by the ADA;

ix.  Provide insulation for the exposed hot water and drain pipes under lavatories to prevent dangerous conditions and serious burns in violation of 28 C.F.R Part 36, Section 4.19.4;

x.  Provide rear grab bar behind restroom toilet in violation of 28 C.F.R Part 36, Section 4.17.6;

xi.  Provide right hand grab bars that are at least 42 inches long consistent with Standard § 4.17.6; Fig. 30(d);

xii.  Provide accessible soap dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

xiii.  Provide accessible towel dispenser/rod as required by 28 C.F.R Part 36, Section 4.16.6.

xiv.  Provide accessible toilet paper dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

xv.  Provide accessible mirror as required by 28 C.F.R Part 36, Section 4.16.6;

xvi.  Provide an accessible lavatory as required by 28 C.F.R Part 36;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

xvii.   Provide a lavatory with appropriate clearance as required by 28 C.F.R Part 36;

xviii.   Provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatories for accessibility in violation of 28 C.F.R Part 36, Section 4.1 and 4.19.2;

xix.   Provide a lavatory with controls and operating mechanisms that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist in violation of 28 C.F.R Part 36, Section 4.19;

xx.   Provide accessible toilet as required by 28 C.F.R Part 36, Section 4.16;

xxi.   Provide an accessible shower as required by 28 C.F.R Part 36;

xxii.   Provide Shower with shower controls at ADA accessible height;

xxiii.   Provide Shower with shower controls that are ADA accessible;

xxiv.   Provide roll in shower with shower chair;

xxv.   Provide Shower with ADA compliant grab bars;

xxvi.   Provide Shower with ADA compliant maneuvering clearance;

**17.**   Upon information and belief, there are other current violations of the ADA at TRAVEL BUDGET MOTEL *A/K/A* BUDGET INN and only after a full inspection is completed can all violations be identified. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility. Plaintiffs require an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

**18.**   To date, the readily achievable barriers and other violations of the ADA still exist

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.      Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 CFR §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20.      Plaintiffs have sought and have been, continue to be, and in the future will be denied access to the benefits of services, programs, activities of the building and its facilities, and have otherwise been discriminated against and damaged by the Defendant, because of Defendant's ADA violations set forth above, and will continue to suffer such discrimination, injury and damage without the relief provided by the ADA as requested herein. The barriers at the Subject Facility have effectively denied or diminished the Plaintiff's ability to visit the property and have endangered his safety. Barriers at the property have posed a risk of injury to the Plaintiff, including but not limited to: physical injury, discomfort, and embarrassment.

21.      Any and all requisite notice, if required, has been provided. Furthermore, such notice is not required as a result of Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

22.      The Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this Subject Facility as described but not necessarily limited to the allegations this Complaint.

23.      The Plaintiffs have been obligated to retain the undersigned counsel for the filing

15

and prosecution of this action. The Plaintiffs are entitled to have his reasonable attorney's fees, costs, and expenses paid by the Defendants pursuant to 42 U.S.C. §12205.

24.    Counsel, in good faith, has conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether the Defendant or the Defendant's property has ever been sued prior to the filing of this suit for alleged violations for the same, similar, or any violations of the ADA. The results of the search concluded that this Subject Facility has <u>never</u> been sued for Americans with Disability Act violations.

25.    Pursuant to 42 U.S.C. 12188, this Honorable Court is vested with the authority to grant the Plaintiffs' injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, closing the subject facility until the requisite modifications are completed.


       **WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court find that the Defendants have been and continue to be in violation of the ADA and discriminating against the Plaintiffs; and further requests judgment against the Defendants and requests the following injunctive and declaratory relief:

   I.   That this Honorable Court declares that the subject property and facility owned, operated, leased, controlled by the Defendants is in violation of the ADA, and issue a permanent injunction enjoining Defendants from continuing its discriminatory practices;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

II.  That this Honorable Court enter an Order requiring the Defendants to alter the subject premises as appropriate to comply with the ADA to make them accessible and usable by individuals with disability;

III.  That this Honorable Court order the subject premises closed to the public until the requisite modifications are completed to the full extent required by Title III of the ADA;

IV.  That this Honorable Court award reasonable attorney's fees, all costs (including but not limited to litigation expenses, court costs, and expert fees) and other expenses of suit, to the Plaintiff;

V.  That this Honorable Court retain jurisdiction to assure Defendant's subsequent compliance with the ADA and protect against similar subsequent discrimination by Defendant; and

VI.  That this Honorable Court award any such relief as it deems necessary.

Respectfully submitted,

**The Shemtov Law Firm, P.A.**
*Attorney for Plaintiff*

By: <u>S:/ Tal Shemtov</u>
**Tal Shemtov, Esquire**
Florida Bar No. 28456
9715 West Broward Blvd. #256
Plantation, Fl 33324
Telephone: (954) 861-9787
Facsimile: (954) 236-3530
SHEMTOVLAWFIRM@YAHOO.COM

Dated: October 10, 2011

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com