UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO. 11-CV-62180-COHN/SELTZER

**ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN, and PATRICIA
KENNEDY,**

                  Plaintiffs,

-vs-

**RADHE, INC., dba TRAVEL BUDGET MOTEL
aka BUDGET INN, and MAGAN T. RANCHOD,**

                  Defendants.
_____|

**ANSWER AND AFFIRMATIVE DEFENSES OF RADHE, INC.**
._____

**ANSWER**

    **DEFENDANT, RADHE, INC., dba TRAVEL BUDGET MOTEL, aka BUDGET INN,** through undersigned Counsel, in Answer to the Amended Complaint herein says:

    1. Defendant admits the court has jurisdiction over actions arising under the quoted statutes, but deny the remainder of paragraph 1.

    2. Defendant admits the property described in paragraph 4 which is the subject matter of the Complaint lies within the Southern District of Florida.

    3.  Defendant admits only that Plaintiff corporation, **ACCESS FOR THE DISABLED, INC.**, is listed by the State of Florida as a not-for profit corporation, and denies the remaining allegations of paragraph 3.

    4. Defendant admits that the individual Plaintiffs, **COHEN** and **KENNEDY** are disabled individuals as defined by the ADA, and denies the remainder of paragraph 4.

    5. The allegations of paragraph 5 of the complaint re denied.

    6. The allegations of paragraph 6 are admitted.

7. Defendant admits that 42 USC Sec 12181 *et seq.,* was enacted into law and move to strike the remaining allegations of Paragraph 7, in that Congressional intent is irrelevant to any claim of Plaintiffs, and the allegations of same constitute surplusage prejudicial to Defendant.

8. Defendant moves to strike the allegations of Paragraph 8 of the complaint in that Congressional purposes are irrelevant to any claim of Plaintiffs, the allegations of same constitute surplusage prejudicial to Defendant.

9. Defendant moves to strike the allegations of Paragraph 9 of the complaint in that Congressional findings are irrelevant to any claim of Plaintiff, the allegations of same constitute surplusage prejudicial to Defendants.

10. Defendant moves to strike the allegations of Paragraph 10 of the complaint in that Congressional purposes are irrelevant to any claim of Plaintiff, the allegations of same constitute surplusage prejudicial to Defendants.

11. Defendant admits the first sentence of paragraph 11, and moves to strike the remainder as irrelevant prejudicial surplusage in that the Attorney General of the United States is not a party to this action.

12. Defendant admits that the subject property is a motel and therefore a public accommodation as defined by the ADA, but deny that same is not in compliance with the ADA.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. Paragraph 17 requests a form of relief and therefore need not be pleaded to, but to the extent it asserts facts, same are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied

21. The allegations of paragraph 21 are denied in that no pre-suit notice was given and in further defense, Defendant states that failure to give notice prejudices Defendant and may be considered by the court in determining relief.

22. The allegations of paragraph 22. are denied.

23. The allegations of paragraph 23 are denied

24. Defendant is without knowledge of the allegations as to Plaintiffs' search as alleged in paragraph 24.  The remainder of that paragraph is denied.

25. The  allegations of paragraph 22 are admitted as to the Court's statutory jurisdiction, but it is denied that the exercise of such power is appropriate in this case, or that there is a case or controversy between Plaintiffs and Defendant cognizable under Art III of the United States Constitution.

26. All allegations not expressly otherwise responded to are denied.

**WHEREFORE** Defendant prays this Court dismiss Plaintiffs' claims and/or enter judgment against Plaintiffs thereon and award Defendant its costs, attorney fees and litigation expenses pursuant to 42 U.S.C. §12205.

## AFFIRMATIVE DEFENSES

**DEFENDANT**, through undersigned Counsel, in further answer to the Amended Complaint herein, says:

## FIRST AFFIRMATIVE DEFENSE:
## LACK OF STANDING OF CORPORATE PLAINTIFF

**PLAINTIFF, ACCESS FOR THE DISABLED, INC.,** is without standing to bring this action in that it is not a covered or defined "individual" or "class of individuals" under the Americans With Disabilities Act, nor has it alleged that it or its members other than the named individual Plaintiffs herein, have been denied equal access to the goods, facilities, services privileges, advantages or accommodations offered at Defendants' premises; nor prevented from engaging in their organizational activities by the acts or omissions alleged to have been committed by Defendants.  The corporate Plaintiff's standing is derivative or representational only, and to the extent the individual Plaintiff lacks standing, so does the corporate Plaintiff.

Article III of the United States Constitution limits this Court's jurisdiction to "Cases and Controversies" arising under the laws of the United States and Plaintiffs have failed to allege sufficient facts showing a case or controversy between the parties, and have failed to allege sufficient facts to establish Plaintiff **ACCESS FOR THE DISABLED, INC.'s** associational standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, (1992)

**WHEREFORE** the Claims of **ACCESS FOR THE DISABLED, INC.,** should be dismissed.

## SECOND AFFIRMATIVE DEFENSE
## INDIVIDUAL LACK OF STANDING TO BRING ACTION; JURISDICTION

Notwithstanding the Constitutional and statutory requirement that Plaintiffs have the burden of proving their standing, Defendant further affirmatively asserts that the individual Plaintiff**s, ROBERT COHEN,** and **PATRICIA KENNEDY,** are without standing to bring this action in that upon information and belief they sought access to Defendants' premises, not for the purposes using the facility in the manner of a bona fide patron or customer but solely for the purpose of bringing this action and as such have no standing to bring this action. Article III of the United States Constitution limits this Court's jurisdiction to "Cases and Controversies" arising under the laws of the United States and Plaintiffs have failed to allege and/or will be unable to prove sufficient facts showing a case or controversy between the parties, and therefore sufficient facts to establish individual standing. See *Resnick v. Magical Cruise Company. Ltd,* 148 F. Supp.2d 1298, (MD Fla. 2001). *Shotz v. Cates,* 256 F.3d 1077 (2001); *Access Now v. South Florida Stadium Co.,* 161 F.Supp2d 1357 (SD Fla. 2001); *Brother v. CPL Investments, Inc.,* 317 F.Supp2d 1358 (S.D. Fla. 2004),

**WHEREFORE** the Claims of the individual Plaintiffs should be dismissed for lack of jurisdiction.

## THIRD AFFIRMATIVE DEFENSE
## LACK OF STANDING AS TO INDIVIDUAL CLAIMS

Notwithstanding the Constitutional and statutory requirement that Plaintiffs have the burden of proving its standing, Defendants further affirmatively assert that Plaintiffs lack standing to bring an action for relief against Defendants for purported discrimination and denial of access to facilities or portion of Defendant's facility which (a) they did not seek access to or goods and services from; (b) of which they had no knowledge prior to commencement of this action; and/or (c) which are not related to their respective disabilities. *Access Now , Inc., v. South Florida Stadium Co.,* 161 F.Supp.2d 1249 (S.D. Fla. 2001); *Brother v. CPL Investments, Inc*., 317 F.Supp2d 1358 (S.D. Fla. 2004).

### FOURTH AFFIRMATIVE DEFENSE: COMPLIANCE

The facility which is the subject of this action was completed and became a public accommodation before the effective date of the ADA. Therefore, 42 USC § 12182, *et seq.*, does not require its adherence to the published regulations of the Department of Justice for new construction, as alleged by Plaintiff, but requires owners and operators of public accommodations only to "remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable." 42 USC 12182, Sec 302 (a) (2).   Defendants have removed or attempted to remove such barriers, and were in the continuing process of removing same when this action was filed, to the extent their removal is readily achievable.

**WHEREFORE** all Plaintiffs' claims for attorney fees, costs and litigation expenses should be denied or limited.

### FIFTH AFFIRMATIVE DEFENSE: NOT READILY ACHIEVABLE

Certain of the remedies demanded by Plaintiffs are not readily achievable in consideration of the cost thereof and the finances and resources available to do so. The subject property is a very old "Mom and Pop" motel, whose managers, the owners of the Defendant Corporation, **RADHE, INC.,** reside in and on the property, which is leased from Defendant Ranchod. The motel has few amenities, can charge only very low rates most months either loses money or barely breaks even and is often unable to remit agreed rents to Defendant Ranchod. In short: There are insufficient funds to pay for all the Plaintiffs' demands even those that the court may determine are be well founded.

### SIXTH AFFIRMATIVE DEFENSE:  UNDUE HARDSHIP

Defendant **RADHE, INC.,** adopts the allegations of the Fourth Affirmative Defense above and further says that the remedies demanded by Plaintiffs would cause the Defendant **RADHE, INC.,** undue hardship in that there are insufficient funds to accomplish them and the cost would render the business non-viable and force it to close.

### SEVENTH AFFIRMATIVE DEFENSE. HEALTH AND SAFETY

Because the allegations of non-compliance are unspecific as to which particular parts of Defendants' property allegedly violate laws and regulations or how they allegedly deny the Plaintiff access; and because Plaintiff contends that there may be additional demands arising after discovery,

it is impossible to determine at this time whether the remedial actions sought by Plaintiff would or would not cause unreasonable risk to the safety or health of others or would violate the health and safety laws applicable to Defendants' facility; and therefore in an abundance of caution Defendants reserve the right to assert the statutory defense that the relief sought would cause unreasonable risk to the safety or health of others or would violate the health safety, building or land use laws of the jurisdiction in which it is located.

## EIGHTH AFFIRMATIVE DEFENSE:  NON-RECOVERABLE ATTORNEY FEES

On information and belief, Plaintiffs sought access or accessed Defendants' facility solely for the purpose of this litigation and any agreements with their counsel for the payment of attorney fees are unenforceable under Florida law; payment of such fees would be contrary to Florida law and the claim for attorney's fees should be denied. Moreover the payment of any fees over and above any fee agreement between the Plaintiff and counsel or the payment of any fees of a contingent nature would constitute impermissible fee splitting or an unreasonable and prohibited fee under Florida law and should be denied.

## NINTH AFFIRMATIVE DEFENSE:  UNCLEAN HANDS

This is an action seeking only the equitable relief permitted under the law. 42 USC §12188, but PLAINTIFF has acted inequitably in that he has precipitously filed suit without giving Defendants prior notice or complaint so as to permit voluntary removal of barriers or alternate facilitation of access; without first attempting to seek non-judicial compliance or relief; and without seeking the non-judicial remedies available under Federal or Florida law; to the prejudice of Defendants and contrary to the spirit and letter of the ADA, 42 USC §12212 SEC 513 which encourages "alternative means of dispute resolution," and other non-judicial remedies instead of litigation. [1]

---

[1] 42 USC 12212. SEC. 513 provides:
**Alternative Means of Dispute Resolution.**
Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, factfinding, minitrials, and arbitration, is encouraged to resolve disputes arising under this Act.

**WHEREFORE THIS** Court should (a) stay any proceedings herein pending the parties' participation in such "alternative means of dispute resolution," as mediation; and (b) deny or limit their claims for attorney fees and litigation expenses as equity requires.

**WHEREFORE** all claims of the Plaintiffs herein for attorney fees and litigation expenses should be dismissed, denied or limited as the court may determine.

Dated this December 8, 2011.

*S/ Matt Weinstein*
**MATT WEINSTEIN,** fbn 113320
Attorney for Defendant Radhe, Inc.
9200 So. Dadeland Blvd., Suite 400
Miami, FL 33156
ph:(305) 670-5200; fax: (305) 670-5210

### Certificate of Service

I hereby certify that on December 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and a copy is being served this day on all counsel of record or pro se parties identified on the below or attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*S/ Matt Weinstein*
MATT WEINSTEIN,
attorney for Defendant Radhe, Inc.

**Service List**
Shemtov Law Firm, P.A.,
9715 West Broward Blvd. #256
Plantation, FL 33324